## Russell et al. v. Levi.

March 28, 1941.

Prichard & Holbrook for appellant.
LeWright Browning for Levi, as agent.
Strother Hynes for appellee Russell and others.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The Ashland National Bank became insolvent in the year 1932 and was placed in the hands of a receiver by order of the Comptroller of the Currency. A one hundred percent assessment was levied against the shareholders and was paid in full by some while others paid varying percentages under compromise settlements authorized by the Comptroller and approved by court judgments. All creditors and depositors were paid in full after which there was left a fund of several thousands of dollars. This fund is now in the hands of the appellee, Clyde R. Levi, as agent for the shareholders for the purpose of winding up the affairs of the Bank pursuant to Title 12, U. S. C. A., Section 197.

This action was filed under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., by Levi, as agent, against the appellants, Russell, Blevins and Summerville, as representatives of the class of shareholders who had not paid the assessment in full, and against the appellees, Russell, Williamson and Field, as representatives of the class who paid in full, for a declaration of rights as to the method of distribution of assets in the hands of the agent.

The shareholders who had not paid in full contended that distribution should be on the basis of the percentage which the amount each shareholder paid bears to the total amount of assessments collected, while the shareholders who paid in full contended that payment should first be made to them in the amounts to which their payments exceeded the payments made by the others. The trial court adopted the view of the shareholders who had paid in full and declared the rights of the parties accordingly. The shareholders who had paid the assessments in part appeal from that judgment.

The identical question confronting us was decided contrary to the method adopted by the trial court by the United States District Court for the Eastern District of Illinois in the cases of In re First National Bank of Arthur, 23 F. Supp. 253, and In re First National Bank of Hoopeston, 23 F. Supp. 436, but on appeal to the Circuit Court of Appeals for the Seventh Circuit these decisions were reversed and it was held that payments

should first be made to those whose percentage of assessment payment exceeded payment made by other shareholders in the amount of such excess. See In re First National Bank of Arthur et al., 7 Cir., 100 F. (2d) 623.

It is now contended by appellants that the decision of the District Court was correct and that the decision of the Circuit Court of Appeals reversing the judgment of the District Court is unsound. We, of course, are not bound by the decision of the Circuit Court of Appeals but we have carefully considered the opinion rendered by that court and are of the opinion that the reasoning of the opinion is unanswerable and that the correct conclusion was reached. A contrary conclusion would result, in effect, in the levy of an assessment against some shareholders for the benefit of others, a result obviously not contemplated or intended by the federal statute. We feel that it is unnecessary to repeat the reasons assigned by that court or to indulge in extensive quotations therefrom but content ourselves with referring the reader to that opinion.

Judgment affirmed.